## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DARRYL KINNEY and** | ) | |
| **J.K. (minor),** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 11-4177-JAR** |
| **v.** | ) | |
| | ) | |
| **DEPARTMENT OF JUSTICE;** | ) | |
| **DEPARTMENT OF DEFENSE; and** | ) | |
| **STATE OF ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff Darryl Kinney, proceeding pro se and in forma pauperis, brings this action

against Defendants alleging both civil and criminal wrongdoing.[1]  This matter comes before the

Court on the Motions to Dismiss filed by the State of Illinois ("the State") and the Department of

Justice and the Department of Defense ("Federal Defendants") (Docs. 24, 37).  Plaintiff has

responded and moves to remove J.K., a minor, from the lawsuit,[2] and to amend his Complaint to

add the City of Chicago as a defendant (Doc. 43).

### I.    Background

Plaintiff filed the present suit on December 1, 2011, against Federal Defendants and the

State.  In the Complaint, Plaintiff and his minor child, J.K., allege many vague and disjointed

complaints against Defendants.  Plaintiff contends that the case "started as a civil case is now also

---

[1]Doc. 1.

[2]Plaintiff's motion is apparently in response to the rule prohibiting a minor child from bringing a suit through a parent acting as next friend if the parent is not represented by an attorney.  *See Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1225 (10th Cir. 2001) (citation omitted).

criminal," and is based on lost wages, emotional anguish and distress, caused by Defendants for violating his civil rights and for child endangerment.  Plaintiff alleges Defendants have taken various actions, including keeping him from obtaining employment by rerouting Plaintiff's communications with potential employers; stalking and harassing him as he moved from state to state; tainting and corrupting state and federal court proceedings; following and bugging Plaintiff; invading his privacy; spreading defamatory information; having the military stalk and harass him; and engaging in conspiracy.  Plaintiff claims that these actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Privacy Act, 5 U.S.C. § 552a(g); the United States Constitution; and various federal and state criminal statutes, including conspiracy, 18 U.S.C. § 371 and stalking, K.S.A. § 21-3438.

Since 2008, Plaintiff has on at least six occasions, sued federal and local government officials and agencies in federal court; each case has been dismissed at the District Court level.[3] The most recent case, filed November 29, 2011,  involved a Complaint identical to that filed in this case, naming as defendants United States Attorney General Eric Holder, Secretary of Defense Leon Panetta, FBI Director Robert Mueller III, United States Attorney Barry Grissom, three FBI agents, United States Marshal Thomas Shell, and Topeka Police Detective Janene Falley.[4]  Judge Marten granted Defendants' motions to dismiss on April 4, 2012.[5]

---

[3]*See Kinney, et al. v. United States Dep't of Justice, et al.*, Case No. 08-460-CNC (E.D. Wis. June 4, 2008); *Kinney, et al. v. United States Dep't of Justice, et al.*, Case No. 09-806-CMH (E.D. Va. Oct. 2, 2009); *Kinney, et al. v. Dep't of Justice, et al*, Case No. 10-3481-JEC (N.D. Ga. Feb. 16, 2011); *Kinney, et al. v. Dep't of Justice, et al.*, Case No. 11-6069 (N.D. Ill. Jan. 30, 2012); *Kinney, et al. v. Dep't of Justice, et al.*, Case No. 11-4068-JTM (D. Kan. Nov. 28, 2011); *Kinney v. United States Atty. Gen. Eric. J. Holder, et al.*, Case No. 11-4176-JTM. (D. Kan. Apr. 4, 2012).

[4]*Kinney*, Case No. 11-4176-JTM.

[5]*Id*. Doc. 32.

II.     **Discussion**

Because Plaintiff proceeds in forma pauperis, the Court may dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[6]  A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[7]  Under the "plausibility" standard that guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them.[8]  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[9]

Defendants' arguments in support of dismissal are well taken.  First, this Court lacks subject matter jurisdiction over most of the claims asserted, as required by Fed. R. Civ. P. 12(b)(1).  Plaintiff's claims against the State, except to the extent his claim can be construed as one brought under Title VII, are barred by sovereign immunity under the Eleventh Amendment.[10]  Likewise, the Court lacks subject matter jurisdiction over the claims asserted against the Federal Defendants, as Plaintiff has failed to allege compliance with the exhaustion requirements under

---

[6]28 U.S.C. § 1915(e)(2)(B).

[7]Fed. R. Civ. P. 8(a)(2).

[8]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[9]*Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[10]*Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984).

the Federal Torts Claim Act.[11]  Moreover, the proper defendant in an action under the FTCA is the

United States, not its agencies or employees.[12]

      Further, to the extent Plaintiff alleges a claim over which this Court has jurisdiction, his

Complaint fails to meet even the minimal standards of notice pleading set out in Fed. R. Civ. P.

8(a) because it fails to provide notice of the claim to which the Defendants are entitled under that

rule.  Plaintiff offers no factual connection between the alleged wrongdoings and the specific

Defendants or statutes.  No Defendant in this action could be expected to prepare a defense based

on Plaintiff's disorganized, vague and ambiguous allegations.

      Nor is the Court able to discern any factual allegations that would plausibly entitle

Plaintiff to relief.   Instead, there is no logical construction of Plaintiff's Complaint from which to

discern any cognizable claim.  Plaintiff does not allege that he was ever an employee of any

Defendant or identified a materially adverse employment action as required by Title VII, or that

any Defendant revealed information about him as required by the Privacy Act.  Moreover,

stalking, harassing, obstruction and conspiracy are criminal actions and Plaintiff does not have a

private cause of action for civil damages with respect to these claims.

      As Judge Marten concluded with respect to the virtually identical complaint filed

contemporaneously with this case, Plaintiff's Complaint "is little more than six pages of non

sequiturs strung together by numbered paragraphs."[13]  The Court believes that any attempt to

remedy the Complaint would be futile, as Plaintiff's action is frivolous and does not state a claim

---

[11]*McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boehme v. United States Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003) (holding administrative exhaustion requirement is jurisdictional and cannot be waived).

[12]*Denney v. United States Postal Serv.*, 916 F. Supp. 1081, 1083 (D. Kan. 1996).

[13]Case No. 11-4176-JTM, Doc. 32 at 6.

upon which relief may be granted.  Assuming this Court has the jurisdiction to do so, it dismisses

the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to

Dismiss (Doc. 24, 37) are GRANTED.  All claims against the Defendants are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remove J.K. from Lawsuit and

Amend to Add City of Chicago as Defendant (Doc. 43) is DENIED as moot.

**IT IS SO ORDERED.**


Dated: <u>April 17, 2012</u>

                        <u>S/ Julie A. Robinson</u>
                        JULIE A. ROBINSON
                        UNITED STATES DISTRICT JUDGE